IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| INTEGRAMED AMERICA, INC., a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| GRANT W. PATTON, JR.; SOUTHEASTERN FERTILITY CENTER, P.A., a South Carolina Professional Association; and SOUTHEASTERN FERTILITY CENTER, P.A. A/K/A OR F/K/A SOUTHEASTERN FERTILITY CENTER II, P.A., a South Carolina Professional Association, | ) CIVIL ACTION NO.: 2:12-cv-03566-PMD ) ) ) ) **ORDER** ) ) ) ) ) |
| Defendants. | ) ) |
| GRANT W. PATTON, JR.; SOUTHEASTERN FERTILITY CENTER P.A., a South Carolina Professional Association; and SOUTHEASTERN FERTILITY CENTER, P.A. A/K/A OR F/K/A SOUTHEASTERN FERTILITY CENTER II, P.A., a South Carolina Professional Association, | ) ) ) ) ) ) ) ) ) |
| Third Party Plaintiffs, | ) ) |
| v. | ) ) ) |
| JOHN A. SCHNORR, M.D., | ) ) |
| Third Party Defendant. | ) ) ) |

This matter is before the Court upon Defendants' Grant W. Patton Jr. ("Dr. Patton"), Southeastern Fertility Center P.A. ("SEFC"), and Southeastern Fertility Center, P.A. a/k/a or

1

f/k/a Southeastern Fertility Center II, P.A. ("SEFC II") (collectively, "Defendants") Motion to Compel Arbitration. For the reasons that follow, Defendants' Motion is granted; however, contrary to Defendants' position as stated in their Reply, the Court finds that based upon the contractual arbitration provisions at issue, the parties must submit their claims to arbitration through the American Arbitration Association ("AAA").

## BACKGROUND

Plaintiff IntegraMed America, Inc. ("IntegraMed") is a Delaware corporation in the business of making available to medical providers certain assets (principally facilities and equipment) and support services, primarily consisting of financial management, administrative systems, clinical and laboratory organization and functions, marketing, and operations management. SEFC is a South Carolina entity that specializes in reproductive endocrinology. On April 24, 2008, IntegraMed signed a Business Services Agreement ("BSA") with SEFC, under which IntegraMed provided business services—labs, facilities, equipment, staff, supplies, and monies—to SEFC. In 2010, a conflict developed between Dr. Patton, who was the President of SEFC, and another doctor at the practice, Dr. John Schnorr ("Dr. Schnorr"), who was the Vice President of SEFC. Mediation between the two doctors was unsuccessful, and ultimately, on May 9, 2012, a Decree of Dissolution was filed in the South Carolina Circuit Court for the Ninth Judicial Circuit. The Decree dissolved SEFC as a corporate entity effective as of May 7, 2012. Prior to the official dissolution, IntegraMed sent Defendants a notice of default and breach of contract letter dated April 13, 2012. The letter also advised Defendants that IntegraMed was considering petitioning the then Patton-Schnorr three-member arbitration panel to address the issues and appoint a receiver. Dr. Patton's counsel informed IntegraMed that neither Dr. Patton nor the panel was receptive to IntegraMed being involved in that arbitration.

According to IntegraMed, the dissolution of SEFC constitutes an act of default and a material breach by Defendants of the BSA, which obligates SEFC to remain legally organized, solvent, and operating to provide infertility services. On October 11, 2012, IntegraMed's counsel sent a demand letter to Defendants' counsel demanding payment of sums owed to it. The last page of this letter included an inquiry regarding submitting the matter to binding arbitration. Defendants did not respond to that letter.

## PROCEDURAL HISTORY

On December 18, 2012, IntegraMed filed this lawsuit against Defendants alleging the following causes of action: (1) breach of contract; (2) quantum meruit/unjust enrichment; (3) violation of the South Carolina Unfair Trade Practices Act; and (4) piercing the corporate veil/alter ego/successor liability as to SEFC II. IntegraMed resolved its claims against Dr. Schnorr regarding his association with SEFC; therefore, he is not named in the Complaint. *See* ECF Doc No. 1, ¶ 29. Defendants filed an Answer and brought counterclaims against IntegraMed. Additionally, Defendants filed a Third Party Complaint against Dr. Schnorr. Dr. Schnorr moved to compel arbitration of Defendants' third-party claims on February 1, 2013. Subsequently, Defendants and Dr. Schnorr agreed to a consent order referring Defendants' third-party claims against Dr. Schnorr to arbitration pursuant to arbitration agreements already in place between them from previous arbitration proceedings, dating back to 2010. On February 19, 2012, Defendants filed a Motion to Compel Arbitration of IntegraMed's claims. Therein, Defendants recited the arbitration provisions in the BSA and requested arbitration based on those terms. IntegraMed filed a Response[1] on March 22, 2013, wherein it agreed to arbitrate and asked

---

[1] Prior to filing its Response, in an effort to resolve Defendants' Motion to Compel Arbitration, IntegraMed's counsel sent an email to Defendants' counsel stating, in short: "IntegraMed is agreeable to arbitration and is willing to enter into a consent order requiring that the claims and

3

the Court to order the parties to submit all claims to AAA arbitration based on the terms of BSA. Defendants filed a Reply on April 1, 2013, requesting, for the first time, that the claims between the parties be submitted to binding arbitration under Wade Logan, as the single arbitrator. Because Defendants did not request this specific arbitration forum and arbitrator in their Motion to Compel, the Court ordered IntegraMed to address Defendants' request in a Sur-Reply, which was filed with the Court on April 10, 2013. This matter is now ripe for adjudication.

## DISCUSSION

There is no dispute that an arbitration agreement exists between the parties. As evidenced by the BSA and conceded in the motions filed with the Court, the parties in this case have contractually agreed to arbitrate. *See Towles v. United HealthCare Corp.*, 338 S.C. 29, 37 (S.C. Ct. App. 1999) ("Arbitration is available only when the parties involved contractually agreed to arbitrate."). The issue before the Court is before whom is arbitration required.

The front page of the BSA states: THIS AGREEMENT IS SUBJECT TO ARBITRATION PURSUANT TO S.C. CODE ANN. § 15-48-10 ET SEQ. AS MODIFIED HEREIN. Section 15–48–10(a) of the Uniform Arbitration Act provides:

> A written agreement to submit any existing controversy to arbitration or a provision in **a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable**, save upon such grounds as exist at law or in equity for the revocation of any contract. Notice that a contract is subject to arbitration pursuant to this chapter shall be typed in underlined capital letters, or rubber-stamped prominently, on the first page of the contract and unless such notice is displayed thereon the contract shall not be subject to arbitration.

---

all counterclaims be promptly submitted to binding arbitration through AAA in accordance with the arbitration provisions at issue." *See* ECF Doc No. 22, Exh. #2 (email dated March 21, 2013) (emphasis in original). Defendants' counsel responded via email stating, in relevant part: "We are not amenable to the AAA . . . ." *Id.* at Exh. #3 (email dated March 22, 2013).

4

S.C.Code Ann. § 15–48–10(a) (2005)(emphasis added). The South Carolina Supreme Court has held that the terms of this section are "clear" and "the court must apply those terms according to their literal meaning." *Soil Remediation Co. v. Nu-Way Envtl., Inc.*, 323 S.C. 454, 457 (S.C. 1996). *See also Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 589 (S.C. 2001) ("The notice provision must be typed . . . on the first page of the contract. No other variation is acceptable."). The BSA also contains the following arbitration provision:

> 11.7 Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of South Carolina irrespective of the principal place of business of the parties hereto. Any and all claims, disputes, or controversies arising under, out of, or in connection with this Agreement or any breach thereof, except for equitable relief sought pursuant to Section 11.3 hereof, shall be determined by binding arbitration in the State of South Carolina, City of Charleston (hereinafter "Arbitration"). **The party seeking determination shall subject any such dispute, claim or controversy to the American Arbitration Association, and the rules of commercial arbitration thereof shall govern. The Arbitration shall be conducted and decided by a single arbitrator, unless the parties mutually agree, in writing at the time of the Arbitration, to three arbitrators.** In reaching a decision, the arbitrator(s) shall have no authority to change or modify any provision of this Agreement, including any liquidated damages provision. Each party shall bear its own expenses and one-half the expenses and costs of the arbitrator(s). Any application to compel Arbitration, confirm or vacate an arbitral award or otherwise enforce this Section 11.7 shall be brought in the Courts of the State of South Carolina or the United States District Court for the Division of Charleston, to whose jurisdiction for such purposes SEFC and IntegraMed hereby irrevocably consent and submit.

(emphasis added).

Defendants ask the Court to compel arbitration before Wade Logan, as the single arbitrator, because Mr. Logan is currently arbitrating matters between Defendants and Dr. Schnorr. Defendants argue that this litigation would be most efficiently resolved by arbitration under Mr. Logan because he has knowledge about the complexity of the case, the history of the disputes between the parties, and the former business relationships of the parties. In the alternative, Defendants ask the Court to stay this action pending resolution of the claims between

Defendants and Dr. Schnorr so that Defendants are not "whipsawed before two forums and exposed to different results." Defs.' Reply 7.  Thus, Defendants conclude that the Court can simply appoint an alternate forum.

The Court is not aware of any case law or statute that would allow it to disregard the arbitration provisions in a contract between two parties.  Agreements such as the one at issue are construed pursuant to the rules of contract interpretation. *See generally McPherson v. J.E. Sirrine & Co.,* 206 S.C. 183 (S.C. 1945). The cardinal rule of contract interpretation is to ascertain and give legal effect to the parties' intentions as determined by the contract language. *United Dominion Realty Trust, Inc. v. Wal–Mart Stores, Inc.,* 307 S.C. 102, 105 (S.C. Ct. App. 1992). If the contract's language is clear and unambiguous, the language alone determines the contract's force and effect. *See id.*  When a contract is unambiguous, a court must construe its provisions according to the terms the parties used as understood in their plain, ordinary, and popular sense. *C.A.N. Enter., Inc. v. S.C. Health Human Servs. Fin. Comm'n*, 296 S.C. 373, 377 (S.C. 1988).

The parties do not dispute that the BSA contains the aforementioned arbitration provisions. Section 11.7 of the BSA unambiguously provides that the party seeking determination shall subject any such dispute, claims or controversy arising under, out of, or in connection with this Agreement or any breach thereof, to the American Arbitration Association, and the rules of commercial arbitration thereof shall govern. It further states that the Arbitration shall be conducted and decided by a single arbitrator, unless the parties mutually agree, in writing at the time of the Arbitration, to three arbitrators. Not surprisingly, it is based on this language that Plaintiff argues the Court should order Defendants to submit all claims to AAA arbitration. Notably, but for the arbitration provisions in the BSA, Defendants would have no

grounds upon which to compel arbitration. However, despite this fact, Defendants ask the Court to ignore the plain language of the BSA and compel arbitration under Wade Logan.[2] The Court finds that under ordinary contract principles and pursuant to Section 15-48-30 of the South Carolina Code, it must enforce the method of arbitration as agreed upon by the parties upon signing the BSA. *See* S.C. Code Ann. § 15-48-30 ("If the arbitration agreement provides a method of appointment of arbitrators, this method <u>shall be</u> followed.") (emphasis added). Therefore, as required by the language of the BSA, the parties must submit their claims to arbitration through the AAA.

1. Cost

Defendants argue that this matter should not be arbitrated before the AAA because it would be prohibitively expensive for Defendants. However, Defendants fail to articulate what the costs would be or provide any evidence that such costs would be unconscionable. According to Section 11 of the BSA, "Each party shall bear its own expenses and one-half the expenses and costs of the arbitrator(s)." Such language is not so oppressive that no reasonable person would make them and no fair and honest person would accept them. *See Fanning Pontiac-Cadillac-Buick, Inc.*, 322 S.C. 3999 (S.C. 1996) (unconscionability is absence of meaningful choice on part of one party due to one-sided contract provisions together with terms that are so oppressive that no reasonable person would make them and no fair and honest person would accept them).

---

[2] Defendants state that IntegraMed's claims should be arbitrated under Wade Logan because this method was provided for in the "Settlement Agreement." Defs.' Reply 4. The Settlement Agreement Defendants are referring to, however, was executed between only Dr. Schnorr and Defendants to resolve ongoing disputes between them. It is not disputed that IntegraMed is not party to or part of this agreement, or that IntegraMed did not sign the agreement or have any involvement, input, or control over the terms. In fact, this Agreement, and any arbitration provision therein, has no binding effect on IntegraMed, and it certainly does not diminish IntegraMed's rights or allow Defendants to ignore their obligations under the BSA. Therefore, the Court finds Defendants' argument unpersuasive.

7

Therefore, the Court finds that Defendants have not met their burden of showing the likelihood that arbitration before the AAA would be prohibitively expensive for them.

2.     Waiver

Defendants also argue that IntegraMed waived its right to demand arbitration before the AAA by engaging in the litigation process. The Court disagrees.

South Carolina favors arbitration. *Gen. Equip. & Supply Co. v. Keller Rigging & Constr., Inc.*, 344 S.C. 553, 556 (S.C. Ct. App. 2001). The right to enforce an arbitration clause, however, may be waived. *Liberty Builders, Inc. v. Horton*, 336 S.C. 658, 665 (S.C. Ct. App. 1999). "There is no set rule as to what constitutes a waiver of the right to arbitrate; the question depends on the facts of each case." *Id.* South Carolina has primarily, though not exclusively, followed the approach adopted by the federal courts of the Fourth Circuit and other jurisdictions which require a showing of actual prejudice before finding waiver. *See Sentry Eng'g & Constr., Inc. v. Mariner's Cay Dev. Corp.*, 287 S.C. 346, 351 (S.C. 1985) (finding that "[f]ederal decisions require a showing of prejudice when waiver is asserted . . . . [I]t is not inconsistency, but the presence or absence of prejudice which is determinative"); *Evans v. Accent Manufactured Homes, Inc.*, 352 S.C. 544, 550 (S.C. Ct. App. 2003) ("A party seeking to establish waiver must show prejudice through an undue burden caused by delay in demanding arbitration."); *Liberty Builders*, 336 S.C. at 666 (holding same). *But see Hyload, Inc. v. Pre–Engineered Prods., Inc.*, 308 S.C. 277, 280 (S.C. Ct. App. 1992) (holding that appellant "waived its right to compel arbitration under the contract by refusing to execute the papers necessary to commence arbitration and electing instead to sue on the contract," thus finding that "[t]his is simply a particular instance of the general rule that acts inconsistent with the continued assertion of a right may constitute waiver"). Though not entirely consistent on this point of law, most recent

8

precedent has required a showing of actual prejudice, and therefore, the Court adopts that standard.

In this case, the litigation process had lasted approximately two (2) months between the time the initial Complaint was filed by IntegraMed and the time Defendants moved to compel arbitration. This fact alone does not prejudice either party due to a delay in demanding arbitration. *See Gen. Equip. & Supply Co.*, 344 S.C. at 557 (no waiver where party seeking arbitration had been involved in litigation for less than eight months). *Cf. Liberty Builders*, 336 S.C. at 667 (waiver occurred where party seeking arbitration had been involved in litigation for two and one-half years). Also, as in *General Equip.*, the discovery that has occurred is very limited in nature—neither party has taken any depositions or engaged in extensive discovery requests—and there has been no substantial use of judicial system resources. Defendants do not discuss any of these facts, but instead, ask the Court to rely entirely on the *Hyload* case. The Court acknowledges that *Hyload* stands for the proposition that suing on a contract instead of relying on the arbitration provision ordinarily constitutes waiver of the right to arbitrate. However, as noted above, there must be a showing of actual prejudice before finding waiver, and the Court finds that no such showing has been made by Defendants. Moreover, this case can be distinguished from the *Hyload* case.

Hyload demanded arbitration pursuant to the agreement between it and Pre-Engineered. In response, Pre-Engineered agreed to arbitration, voluntarily dismissed the court action, and sent the arbitration documents to Hyload to sign. *Hyload*, 308 S.C. at 279.  Hyload, however, never signed the documents, and instead, filed suit. *Id.* at 279-80.  The Court held that Hyload waived its right to arbitrate because it refused to sign the documents necessary to institute the arbitration process, instead suing under the agreement. *Id.* at 280.  In contrast, here, IntegraMed

inquired into whether Defendants where agreeable to arbitration per the terms of the BSA in a demand letter, and it was the Defendants who never responded to that letter. Furthermore, it was the Defendants who kept InegraMed from intervening in the Dr. Patton - Dr. Schnorr arbitration. These facts distinguish the case at hand from *Hyload*, as IntegraMed has not harmed or prejudiced Defendants by its actions warranting a finding by this Court that it has waived its rights to arbitration according to the terms of the contract between the parties.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendants' Motion to Compel Arbitration is **GRANTED** and that the parties submit their claims to the AAA. Accordingly, the case will be **STAYED** pending arbitration.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**April 24, 2013**
**Charleston, SC**