IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| INTEGRAMED AMERICA, INC., a Delaware corporation, ) ) ) Plaintiff, ) ) v. ) ) GRANT W. PATTON, JR.; ) SOUTHEASTERN FERTILITY CENTER, ) P.A., a South Carolina Professional ) Association; and SOUTHEASTERN ) FERTILITY CENTER, P.A. A/K/A OR ) F/K/A SOUTHEASTERN FERTILITY ) CENTER II, P.A., a South Carolina ) Professional Association, ) ) Defendants. ) _____ ) GRANT W. PATTON, JR.; ) SOUTHEASTERN FERTILITY ) CENTER P.A., a South Carolina ) Professional Association; and ) SOUTHEASTERN FERTILITY ) CENTER, P.A. A/K/A OR F/K/A ) SOUTHEASTERN FERTILITY CENTER ) II, P.A., a South Carolina Professional ) Association, ) ) Third-Party Plaintiffs, ) ) v. ) ) JOHN A. SCHNORR, M.D., ) ) Third-Party Defendant. ) _____ ) | CIVIL ACTION NO.: 2:12-cv-03566-PMD  **ORDER** |

This matter is before the Court upon three motions filed by Defendants Grant W. Patton Jr. ("Dr. Patton"), Southeastern Fertility Center P.A. ("SEFC"), and Southeastern Fertility Center, P.A. a/k/a or f/k/a Southeastern Fertility Center II, P.A. ("SEFC II") (collectively,

1

"Defendants"). In their Motion for Protective Order (ECF 47), Defendants move the Court for a protective order to preserve the privileges raised during the deposition of Dr. Patton on February 25, 2014. In their Motion to Compel Compliance with Subpoena ("Motion to Compel") (ECF 41), Defendants request that this Court order Third-Party Defendant John A. Schnorr, M.D. ("Dr. Schnorr") to produce a letter dated September 7, 2010 ("Letter"). In their Motion for Sanctions (ECF 43), Defendants request that the Court order Plaintiff IntegraMed America, Inc. ("IntegraMed") to produce emails between counsel; certain documents dating back to January 1, 2010; and more complete privilege logs. After the motions were fully briefed, the Court held a hearing on April 3, 2014.

## BACKGROUND

Defendant SEFC is a South Carolina entity that specializes in reproductive endocrinology. Plaintiff IntegraMed is a Delaware corporation in the business of making available to medical providers certain assets and support services. On April 24, 2008, IntegraMed signed a Business Services Agreement ("BSA") with SEFC, under which IntegraMed provided business services—labs, facilities, equipment, staff, supplies, and monies— to SEFC.

In 2010, a conflict developed between Dr. Patton, who was the president of SEFC, and Dr. Schnorr, who was the vice president of SEFC. In August 2010, Dr. Patton performed a surgical procedure that allegedly involved an adverse event. On or around September 7, 2010, Dr. Schnorr submitted a Letter concerning the surgical procedure to the hospital peer review committee, and the committee initiated a peer review of the procedure. Dr. Patton voluntarily relinquished his surgical privileges in October 2010. Subsequently, Dr. Patton and Dr. Schnorr were involved in litigation in the South Carolina Court of Common Pleas and in an arbitration regarding the ownership and governance of SEFC and the medical offices formerly occupied by

2

SEFC. The arbitration panel ordered the dissolution of SEFC in April 2012, and Dr. Schnorr and Dr. Patton started independent practices. On December 5, 2012, Defendants and Dr. Schnorr entered into a Settlement Agreement and Mutual Release memorializing the settlement of their lengthy and complex dispute.

According to IntegraMed, the dissolution of SEFC constitutes an act of default and a material breach by Defendants of the BSA, which obligates SEFC to remain legally organized, solvent, and operating to provide infertility services. On October 11, 2012, IntegraMed's counsel sent a demand letter to Defendants' counsel demanding payment of sums owed to it.

On December 18, 2012, IntegraMed filed this lawsuit against Defendants alleging the following causes of action: (1) breach of contract; (2) quantum meruit/unjust enrichment; (3) violation of the South Carolina Unfair Trade Practices Act; and (4) piercing the corporate veil/alter ego/successor liability as to SEFC II. IntegraMed had resolved its claims against Dr. Schnorr regarding his association with SEFC; therefore, he is not named in the Complaint. Defendants filed an Answer and brought the following counterclaims against IntegraMed: (1) conspiracy; (2) defamation – slander per se; (3) defamation – slander; and (4) abuse of process. Defendants also brought the following third-party claims against Dr. Schnorr: (1) conspiracy; (2) contractual and/or equitable indemnity; and (3) abuse of process.

Dr. Schnorr moved to compel arbitration of Defendants' third-party claims on February 1, 2013. Subsequently, Defendants and Dr. Schnorr agreed to a consent order referring Defendants' third-party claims against Dr. Schnorr to arbitration pursuant to arbitration agreements already in place between them from previous arbitration proceedings. Defendants filed a Motion to Compel Arbitration of IntegraMed's claims, and this Court granted the motion on April 24, 2013. On July 30, 2013, the Court entered a consent order wherein IntegraMed and Defendants agreed to have the case remain before this Court and be decided in a non-jury

proceeding.  Therefore, the claims between Defendants and IntegraMed continue to be litigated in this Court.

## ANALYSIS

### I. Defendants' Motion for Protective Order

Defendants move the Court for a protective order to preserve the privileges raised during the deposition of Dr. Patton on February 25, 2014.  During the deposition, counsel for Defendants directed Dr. Patton not to answer questions related to the following topics:

(1) the proceedings before the South Carolina Board of Medical Examiners, which proceedings are confidential pursuant to S.C. Code Ann. §§ 40-1-190,[1] 40-47-110;

(2) the peer review conducted by East Cooper Hospital, because pursuant to the provisions of S.C. Code Ann. § 40-71-20,[2] documents, data, and information related to a peer review proceeding are privileged and confidential; and

(3) the National Practice Data Bank ("NPDB"), because pursuant to 45 C.F.R. § 60.20[3] and § 60.18, information reported to NPDB is considered confidential and shall not be disclosed outside of the Department of Health and Human Services except under limited circumstances not present in this case.

---

[1]     S.C. Code Ann. § 40-1-190(A) provides: "A communication, whether oral or written, made by or on behalf of a person, to the director or board or a person designated by the director or board to investigate or hear matters relating to discipline of a licensee, whether by way of complaint or testimony, is privileged and no action or proceeding, civil or criminal, may be brought against the person, by or on whose behalf the communication is made, except upon proof that the communication was made with malice."

[2]     S.C. Code Ann. § 40-71-20(A) provides, in pertinent part: "All proceedings of and all data and information acquired by the committee referred to in Section 40-71-10 in the exercise of its duties are confidential unless a respondent in the proceeding requests in writing that they be made public. These proceedings and documents are not subject to discovery, subpoena, or introduction into evidence in any civil action except upon appeal from the committee action."

[3]     45 C.F.R. § 60.20 provides: "Information reported to the NPDB is considered confidential and shall not be disclosed outside the Department of Health and Human Services, except as specified in §§ 60.17, 60.18, and 60.21 of this part. Persons and entities receiving information from the NPDB, either directly or from another party, must use it solely with respect to the purpose for which it was provided. The Data Bank report may not be disclosed, but nothing in this section will prevent the disclosure of information by a party from its own files used to create such reports where disclosure is otherwise authorized under applicable state or Federal law."

Defendants contend that although testimony and documents concerning these topics may be relevant to this litigation, they cannot give testimony or produce documents related to these topics due to the privacy laws and restrictions.

IntegraMed responds that the "at issue" waiver of privilege doctrine requires that Dr. Patton provide full disclosure of all information related to the events that are the subject of his motion for a protective order. According to IntegraMed, Dr. Patton knowingly and intentionally injected into this lawsuit the following events that he now refuses to disclose under a claim of privilege. First, in Defendants' counterclaim alleging conspiracy and defamation arising from Dr. Schnorr's Letter, Dr. Patton put at issue his resignation of surgical privileges during the hospital peer review proceeding. Second, in Defendants' counterclaim alleging that IntegraMed employee Phillip Waters wrongfully intercepted the letter that the NPDB mailed to Dr. Patton on November 1, 2010, Dr. Patton put at issue the contents of that letter. Finally, IntegraMed contends that Dr. Patton put at issue the nature and result of the medical licensing board proceeding that was pending against him in 2013; however, IntegraMed does not explain how this proceeding is at issue. According to IntegraMed, Dr. Patton waived all privileges not only by placing these events at issue in this case, but also by making them the primary bases for his counterclaims. IntegraMed concedes that the "at issue" doctrine "appears to arise most often in the context of waiver of the attorney-client privilege," but it argues that "logic and the same concern of fairness dictate that the doctrine applies to other privileges as well, including those asserted by [Dr.] Patton in this case." Resp. Mem. 3, ECF 55. For these reasons, IntegraMed requests that the Court deny Defendants' motion and order Dr. Patton to produce and fully respond to the written discovery and deposition topics.

In their Reply, Defendants argue that the "at issue" doctrine is not applicable in the context of the privileges claimed by Defendants. Each of the privileges raised by Defendants is

mandated by statute or regulation, and IntegraMed has not cited any authority for the proposition that the "at issue" doctrine trumps a statute. Moreover, IntegraMed's Complaint alleges that Defendants failed to inform IntegraMed about the hospital review proceeding, thereby putting at issue the peer review proceeding and the data and information acquired by the committee or presented during the peer review process. Finally, Defendants contend that their claims against IntegraMed and Dr. Schnorr concern actions that took place outside of the peer review proceedings. They conclude that the "at issue" doctrine is inapplicable.

The leading case on the "at issue" waiver doctrine is *Hearn v. Rhay*, 68 F.R.D. 574 (E.D. Wash. 1975). The court in *Hearn* articulated a three-prong test that must be met to establish that a document or communication has been placed "at issue":

> (1) assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense.

*Id.* at 581. As IntegraMed concedes, the "at issue" doctrine generally is applied to the attorney-client privilege and the work product doctrine. *See United States v. White*, 944 F. Supp. 2d 454, 459 (D.S.C. 2013) ("The 'at issue' waiver of the attorney-client privilege occurs when the party puts 'at issue' some fact which necessarily involves an examination of the attorney's advice or communication to the client." (quoting *Long Point Rd. Ltd. P'ship v. RTC Land Assets Trust*, No. 93-72769-JW, 1997 WL 33344311, *3-4 (Bankr. D.S.C. Sept. 8, 1997)); *HSH Nordbank AG N.Y. Branch v. Swerdlow*, 259 F.R.D. 64, 74 (S.D.N.Y. 2009) (explaining that because "the attorney-client privilege cannot at once be used as a shield and a sword, . . . the 'at issue' doctrine precludes a party from disclosing only self-serving communications, while barring discovery of other communications that an adversary could use to challenge the truth of the claim" (quotations and alteration omitted)); *Occidental Chem. Corp. v. OHM Remediation Servs.*

6

*Corp.*, 175 F.R.D. 431, 435 (W.D.N.Y. 1997) (holding that by placing work product at issue, plaintiff waived the protection of the work product doctrine).

Assuming *arguendo* that Defendants have placed "at issue" the events described above, IntegraMed has not cited any case supporting its position that the "at issue" doctrine can be applied to waive a statutory privilege. The Court's review of the case law suggests that the doctrine has been applied to waive only common law privileges protecting attorney-client communications and attorney work product. In the absence of authority expressly supporting application of the doctrine to a statutory privilege such as the one protecting medical review proceedings, the Court finds the "at issue" doctrine not applicable to this case. Accordingly, the Court grants Defendants' Motion for Protective Order.

## II. Defendants' Motion to Compel Compliance with the Subpoena

On November 22, 2013, a subpoena was served on counsel for Dr. Schnorr seeking production of various documents. On February 14, 2014, Defendants filed the instant Motion to Compel, requesting that the Court order Dr. Schnorr to comply with the subpoena and produce the Letter. Defendants argue that the Letter is relevant to their claims against IntegraMed and that Dr. Schnorr has not claimed a privilege over the document. Defendants further contend that noncompliance with a third-party subpoena served by a party is not excused simply because the party issuing the subpoena is involved in arbitration with the person to whom the subpoena is addressed. Accordingly, Defendants request that the Court order Dr. Schnorr to produce the Letter to Defendants or, in the alternative, to produce the Letter to the Court for *in camera* review for a determination of whether the Letter is subject to production.

Dr. Schnorr responds that because all disputes between Defendants and Dr. Schnorr have been either settled or referred to arbitration, Defendants' subpoena is an attempt to circumvent this Court's order compelling arbitration and to obtain discovery from Dr. Schnorr that

7

Defendants have not received in arbitration. Dr. Schnorr maintains that if Defendants have an issue with his failure to produce discovery information, then Defendants' remedy is in arbitration, not in this Court. Finally, Dr. Schnorr invites Dr. Patton to waive his peer review confidentiality privilege under S.C. Code Ann. §§ 40-71-20(A) and 44-7-392(A)(2), thus permitting full public access to the hospital records so that all of the parties can discover not only the information provided by Dr. Schnorr but also the information related to the peer review proceeding.

Defendants reply that the existing arbitration with Dr. Schnorr has no bearing on whether the Letter is relevant to this proceeding between Defendants and IntegraMed, and IntegraMed has not objected to the Letter's production. According to Defendants, the Letter forms a basis for IntegraMed's claim that Defendants breached their agreement with IntegraMed by failing to disclose the allegedly adverse medical event that was the subject of Dr. Schnorr's Letter. Defendants further argue that the Letter forms the basis of Defendants' claim that IntegraMed and Dr. Schnorr conspired to defame Dr. Patton and to force him out of the practice of medicine. According to Defendants, the Letter initiated a process that ultimately led IntegraMed to side with Dr. Schnorr in selecting a partner in the practice of reproductive endocrinology. Finally, Defendants contend that they cannot obtain the Letter through arbitration because the arbitration proceedings have been stayed upon Dr. Schnorr's request.[4]

Under Rule 45 of the Federal Rules of Civil Procedure, a "command in a subpoena to produce documents . . . requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). If the person commanded to produce documents makes a timely written objection, "the serving party may move the court for the

---

[4] In Dr. Schnorr's sur-reply, he echoes IntegraMed's argument that Dr. Patton has waived his statutory privilege with regard to the peer review proceeding by putting "at issue" the details of the peer review. For the reasons addressed above, the Court concludes that the "at issue" doctrine is not applicable in this case.

district where compliance is required for an order compelling production or inspection." *Id.* R. 45(d)(2)(B)(i). If the court orders compliance with the subpoena, production "may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." *Id.* R. 45(d)(2)(B)(ii). "A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." *Id.* R. 45(e)(2)(A). A court may, on timely motion, quash or modify a subpoena that subjects a person to undue burden or requires disclosure of privileged or other protected matter. *Id.* R. 45(d)(3)(A).

"[T]he scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26." *HDSherer LLC v. Natural Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013). Therefore, the court reviews a subpoena under the relevancy standards set forth in Rule 26(b). *Id.* Rule 26(b) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* "Additionally, the burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted." *HDSherer LLC*, 292 F.R.D. at 308.

Dr. Schnorr does not dispute that the Letter is relevant to Defendants' claims against IntegraMed that are pending before this Court. Moreover, the Court is not persuaded by Dr. Schnorr's argument that he does not have to produce a document that is relevant to the case pending in this Court simply because Defendants' claims against him have been sent to arbitration. Thus, unless the Letter is privileged, it will be discoverable under Rules 26 and 45.

9

Dr. Schnorr does not claim that the Letter is privileged nor has he moved to quash the subpoena. Although the Letter appears to have initiated a peer review at the hospital and likely is part of the peer review record, the Court concludes that the Letter in Dr. Schnorr's possession is not subject to the statutory peer review privilege found in S.C. Code Ann. § 40-71-20(A) and § 44-7-392(A). While those statutes provide that all data and information acquired by a medical peer review committee in the exercise of its duties are confidential, both statutes explicitly state that documents available from original sources are not confidential and are not immune to discovery.[5] The South Carolina Supreme Court has explained that pursuant to the confidentiality statutes, "documents otherwise available from the original source do not become privileged merely because they are presented to the committee." *McGee v. Bruce Hosp. Sys.*, 439 S.E.2d 257, 260 (S.C. 1993). Consequently, although a party "seeking discovery cannot obtain documents which are available from the original source directly from the hospital committee, [the party] may seek them from alternative sources." *Id.*; *see also Prince v. Beaufort Mem'l Hosp.*, 709 S.E.2d 122, 128 (S.C. Ct. App. 2011) ("While documents prepared by the [hospital committee] remain confidential, [the party] is free to obtain the information within them from the original sources."). Accordingly, the Court finds that although Defendants cannot obtain the Letter directly from the peer review committee, they may obtain it from Dr. Schnorr, the original source of the Letter.

---

[5] *See* S.C. Code Ann. § 40-71-20(A) ("Information, documents, or records which are otherwise available from original sources are not immune from discovery or use in a civil action merely because they were presented during the committee proceedings, nor shall any complainant or witness before the committee be prevented from testifying in a civil action as to matters of which he has knowledge apart from the committee proceedings or revealing such matters to third persons."); § 44-7-392(A)(3) ("Data, documents, records, or information which are otherwise available from original sources are not confidential and are not immune from discovery from the original source under this section or use in a civil action merely because they were acquired by the hospital.").

As the Letter in Dr. Schnorr's possession is a "nonprivileged matter that is relevant to [a] party's claim or defense" in the case currently pending before this Court, it is discoverable under Rule 26(b)(1). Therefore, the Court grants Defendants' Motion to Compel.

### III. Defendants' Motion for Sanctions

On January 10, 2014, Defendants filed a motion to compel IntegraMed to respond to Requests for Production served by Defendants on November 22, 2013. IntegraMed did not file a response in opposition, and this Court granted the motion to compel on January 28, 2014, ordering that the materials be produced by February 4, 2014. On February 14, 2014, Defendants filed a Motion for Sanctions against IntegraMed for failure to comply with the Court's January 28 Order.

At the hearing on April 3, 2014, Defendants acknowledged that the title of their motion is a misnomer because rather than seek sanctions, they seek full compliance with the original Order to compel. Defendants argue that IntegraMed has failed to comply with the Court's Order in the following ways.

#### A. Production of documents created prior to September 8, 2010

First, Defendants assert that IntegraMed failed to produce documents created prior to September 8, 2010, despite the fact that the request for production used a commence date of January 1, 2010. Defendants explain that they used this date—as opposed to July 1, 2008, the date IntegraMed's relationship began with SEFC—because the events that appear to dominate this litigation did not arise until 2010 and IntegraMed alleges that Dr. Patton directed the affairs of SEFC for his own personal purpose. Accordingly, IntegraMed argues that its requested time period is focused and earnest.

The Request for Production attached to the Motion to Compel clearly contemplates a commence date of January 1, 2010. Because IntegraMed did not file a response in opposition to

11

Defendants' Motion to Compel, the Court granted Defendants' Motion. IntegraMed now argues that searches for emails predating September 8, 2010—which, IntegraMed asserts, is the date "the relationship between Patton and Schnorr blew up following the surgical incident and peer review proceedings"—would produce a large volume of emails reflecting the routine daily business and communications between SEFC and IntegraMed that have no relevance to this case and would impose unreasonable burden and cost on IntegraMed. Pl.'s Resp. Mem. 11, ECF 45.

The Court is not persuaded by IntegraMed's argument that eight additional months of production would be burdensome and over broad. There likely are relevant emails or communications between SEFC and IntegraMed sent prior to September 8, 2010. Moreover, the time limitation imposed by Defendants seems reasonable. Accordingly, the Court orders IntegraMed to produce responsive documents dating back to January 1, 2010.

### B. Production of emails between IntegraMed's counsel and Dr. Schnorr's counsel and privilege logs

In their Motion for Sanctions, Defendants argue that IntegraMed has improperly claimed a privilege pursuant to the common interest doctrine and withheld emails between counsel for IntegraMed and counsel for Dr. Schnorr. "The common interest doctrine permits parties whose legal interests coincide to share privileged materials with one another in order to more effectively prosecute or defend their claims." *Hunton & Williams v. U.S. Dep't of Justice*, 590 F.3d 272, 277 (4th Cir. 2010). "For the privilege to apply, the proponent must establish that the parties had some common interest about a legal matter." *In re Grand Jury Subpoena: Under Seal*, 415 F.3d 333, 341 (4th Cir. 2005) (internal quotation omitted).

At the hearing, IntegraMed agreed to provide emails between counsel for IntegraMed and counsel for Dr. Schnorr from the period between April 2011 and April 2012. Accordingly, this portion of the Motion for Sanctions is moot. It appears that this agreement also resolves the

dispute over the privilege logs. To the extent that issues remain, the Court trusts that counsel for IntegraMed and Defendants can confer and resolve any deficiencies in the logs.

### C. Defendants' request to take four depositions outside of the scheduling order

The parties agree that four depositions will be taken outside of the discovery period. Additionally, at the hearing the parties agreed to confer and submit a proposed consent amended scheduling order to the Court.

### CONCLUSION

Based on the foregoing, it is **ORDERED** that Defendants' Motion for Protective Order and Motion to Compel be **GRANTED**. Dr. Schnorr will have seven (7) days from the date of this Order to produce the Letter. It is further **ORDERED** that Defendants' Motion for Sanctions be **GRANTED** with respect to the request for documents dating back to January 1, 2010. IntegraMed will have fifteen (15) days from the date of this Order to produce those documents.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**April 10, 2014**
**Charleston, SC**